UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SOUTHERN MICHIGAN BANK & TRUST, a Michigan banking corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:05-cv-1880-JDT-TAB |
| GUARDIAN SERVICES, LLC, an Indiana limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION TO ENFORCE STAY ORDER
AND DENYING REQUEST TO SHOW CAUSE (Docket No. 15)**[1]

On December 20, 2005, Plaintiff Southern Michigan Bank & Trust ("SMBT") filed a complaint against Defendant Guardian Services, LLC ("Guardian"), asserting two claims for relief relating to Guardian's alleged mishandling of bonds for which SMBT serves as an indenture trustee and certain individual retirement accounts for which SMBT provides fiduciary oversight. SMBT generally asserts that Guardian's actions resulted in the bonds entering into default and the IRAs losing value. Based on these and other allegations, SMBT seeks an accounting of "all of [Guardian's] activities with respect to the church bond offerings and the individual retirement accounts" (First Am. Compl. 9), and a declaration of rights and liabilities with respect to the bonds. (*Id.* 9-14.)

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

On February 24, 2006, Guardian, through its court-appointed Receiver, Bradley W. Skolnik, moved the court to dismiss SMBT's complaint, enforce a stay order issued in a related case and direct SMBT to show cause why it should not be held in contempt for violation of that stay order. SMBT responded to the Motion to Enforce Stay and to Show Cause on March 13, 2006, and the court held an evidentiary hearing on it on March 15, 2006.

## I.   BACKGROUND

On July 26, 2005, the United States Securities and Exchange Commission ("SEC") filed a complaint against Guardian, among others. In the complaint, the SEC accused the defendants of "fraud in church bond issuances and a group of bond funds" (SEC Compl. 2), and sought a permanent injunction enjoining any unlawful activities by the defendants. On the same day the SEC filed its complaint, the court entered an Order of Permanent Injunction and Other Relief that granted the SEC's request for injunctive relief. The order is attached to the Motion to Enforce as Exhibit A, and the parties may review Exhibit A for its specific terms and conditions, which the court will not repeat here. In essence, in the order the court appointed a monitor, Mr. Skolnik, to oversee all matters related to the bonds, and conduct regular accountings of the assets at issue.

The court modified the July 26, 2005 order on December 20, 2005, to convert the monitorship to a receivership (the "Receivership Order" or the "Injunction"), and that Order is attached as Exhibit B to Motion to Enforce. Among other things, the

Receivership Order describes in great detail the authority of the Receiver, and specifically lists his duties. The Order explicitly prohibits any interference with those duties.

The SEC action remains pending before this court under Cause No. 1:05-CV-1102-JDT-TAB. On December 20, 2005, SMBT filed the above-entitled action, 1:05-CV-1880-JDT-TAB, which is related to the SEC case. In its complaint, SMBT requests an accounting of "all of [Guardian's] activities with respect to the church bond offerings and the individual retirement accounts" (First Am. Compl. 9), and a declaration of rights and liabilities with respect to the bonds. (*Id.* 9-14.) After it filed its complaint, SMBT apparently sent correspondence to obligors on the bonds who are purportedly subject to the Receivership Order in the SEC case. The purpose of the correspondence was, in part, to collect debts owing by the bond obligors.

SMBT amended its complaint once as a matter of course, on February 10, 2006.

## II.   MOTION TO ENFORCE STAY ORDER AND TO SHOW CAUSE

In its Motion to Enforce Stay Order and to Show Cause, the Receiver requests that the court enforce the Receivership Order entered in the SEC case, stay the instant action and direct SMBT to show cause why it should not be held in contempt for violation of the Receivership Order. The Receiver suggests that SMBT's correspondence to the bond obligors without permission from the Receiver and its filing of an amended complaint on February 10, 2006 constitute knowing violations of the Receivership Order. As a result of these violations, the Receiver requests that SMBT

be held in contempt of court, that SMBT be required to communicate the contempt finding to the bond obligors and that SMBT be sanctioned in the amount of the Receiver's attorneys' fees and costs in litigating the second case.

SMBT responds that its actions in no way violated the Receivership Order because the Order contained no prohibition from contacting bond obligors to collect on amounts owing or pursuing litigation to collect those amounts. Furthermore, SMBT argues that it has attempted in good faith to work in cooperation with the Receiver, keeping him apprised of its actions. Finally, SMBT requests that if the court dismisses or stays its case, it be permitted to intervene in the SEC action.

Federal courts have the power, if necessary, to take control over an entity and impose a receivership free from interference in other court proceedings. *See S.E.C. v. Wencke*, 622 F.2d 1363, 1372 (9th Cir. 1980). Federal Rule of Civil Procedure 66, which governs the appointment of receiverships, provides:

> An action wherein a receiver has been appointed shall not be dismissed except by order of the court. The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts of the United States or as provided in rules promulgated by the district courts. In all other respects the action in which the appointment of a receiver is sought or which is brought by or against a receiver is governed by these rules.

Fed. R. Civ. P. 66. Upon imposition of a receivership, all disputed property passes into the custody of the receivership court, and becomes subject to its authority and control. *Id.* at 1370-71. In the exercise of its jurisdiction over the property, the court has power

to issue injunctions and all other writs necessary to protect it from interference and to ensure its orderly administration.  *Id.*

In this case, the Receivership Order provides in relevant part:

> 11   All investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:
>
> a.   Enforcing or executing any judgment or order obtained against the Receiver Defendants' property;
>
> b.   Using self-help or executing or issuing or causing the execution of issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding of taking possession of or interfering with or creating or enforcing a lien upon any property owned by or in the possession of the Receiver Defendants, or the Receiver, wherever situated;
>
> c.   Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the Receiver Defendants, or any entity controlled by them; and
>
> d.   Doing any act to interfere with the taking control, possession, or management by the Receiver of the Receiver Defendants' property and assets and assets owned, controlled, or in the possession of the Receiver, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receiver Defendants' property.

(Receivership Order 7-8.)  This paragraph 11 of the Receivership Order clearly applies to SMBT because it is "acting on behalf of [an] investor [or] creditor." (*Id.* 7.)  And it specifically and unambiguously enumerates what actions by SMBT are stayed, including enforcing a judgment obtained against Receivership property, creating or enforcing a

lien against Receivership property, changing any agreement with the Receivership Defendants and interfering with Receivership property.  However, contrary to the Receiver's best arguments, corresponding with obligors on the bonds in the manner undertaken by SMBT is not currently a prohibited action.  Neither is pursuing federal court litigation to recover property.  Indeed, the Injunction as presently phrased does not even address, let alone prohibit, such actions.  This is the Injunction's plain meaning.[2] *See, e.g., Swaback v. Am. Info. Tech. Corp.*, 103 F.3d 535, 540-41 (7th Cir. 1996). Therefore, there is no reason to conclude that SMBT's actions were in violation of the Receivership Order in existence up to this point.

In the correspondence sent to various obligors on the bonds, SMBT recognizes the limits imposed by the Injunction, and that its actions are limited by the Receiver's approval.  In the February 28, 2006 correspondence from SMBT's counsel, SMBT acknowledges the Receiver's signatory authority over "all depository accounts in his capacity as receiver for Guardian Services."  (Ex. F to Mot. Enforce.)  It continues, "any withdrawals or transfer from the accounts, including for charges or fees of Guardian Services, will be determined at the exclusive discretion of Mr. Skolnik as the receiver." (*Id.*)  Similar statements appear on other correspondence from SMBT.  (*See* Ex. C-1 to Mot. Enforce; Ex. 3 to Resp. Mot. Enforce.)  In addition, SMBT carbon-copied the Receiver on all of the correspondence at issue, and appears to have kept the Receiver

---

[2] It is noted that when the district judge who is being asked to interpret an injunction is the same judge who entered it and is thus familiar with its history, particularly heavy weight is given to that judge's interpretation. *Employers Ins. of Wausau v. Browner*, 52 F.3d 656, 666 (7th Cir. 1995).

fully informed of its activities. Contrary to the Receiver's arguments, this qualifying language goes to show that SMBT was not "contemptuously refus[ing] to follow this Court's stay order despite its evidence knowledge thereof" (Mot. Enforce 6), but rather attempting to conform its actions to the terms of the Injunction.

In seemingly arguing in support of a more restrictive interpretation of the Receivership Order, the Receiver appears to imply that the Order does not address all circumstances that may arise. This may well be true. But the Receiver himself suggested the language of the Injunction that the court ultimately approved. And in so doing, the Receiver should have anticipated that a situation such as this, where an indenture trustee seeks to protect the interests of its clients, could arise. It is surprising, given the seriousness with which the Receiver perceives this alleged violation, that the possibility of such was not more fully aired at the time of the drafting the proposed Receivership Order. Had the Receiver intended to proscribe the actions at issue, he could have suggested a prohibition of such in the Injunction, as has been the case in similar actions. *See SEC v. Universal Fin.*, 760 F.2d 1034 (9th Cir. 1985); *Wencke*, 742 F.2d 1230 at 1231. He did not, and neither did the court. It is true that communications of the type utilized by SMBT could interfere with the performance of the Receiver's duties, and to avoid such confusion, the court will endeavor to tighten the language of the Receivership Order to prevent future interferences with the Receivership.

In sum, the Receivership Order in its present form did not prevent SMBT from pursuing its current course of action. Therefore, the court declines the Receiver's request that SMBT show cause why it should not be held in contempt of court.

However, the instant cause of action will be stayed pending a determination of SMBT's request for intervention in the Receivership action. If intervention is granted, this cause of action is likely to become part of the Receivership proceeding. Guardian's motion to dismiss also will be deferred until intervention is addressed.

### III.     CONCLUSION

For the reasons stated above, the court **GRANTS** the Motion to Enforce Stay Order and **DENIES** the portion of the motion seeking a contempt citation against SMBT. This cause of action is **STAYED** until the motion to intervene in the Receivership by SMBT is decided. The Receiver is encouraged to seek amendment of the Receivership Order if he anticipates future issues may arise that are not adequately addressed in the Order in its present form, or as contemporaneously being modified by the court.

ALL OF WHICH IS ENTERED this 27th day of March 2006.

_____
John Daniel Tinder, Judge
United States District Court

Electronic copies to:

William Norris Ivers
Stewart & Irwin
wivers@stewart-irwin.com

Mark J. R. Merkle
Krieg Devault
mmerkle@kdlegal.com

David I. Rubin
Stewart & Irwin
drubin@silegal.com

Michael Joseph Rusnak
Stewart & Irwin
mrusnak@stewart-irwin.com


Copies mailed to:

J.A. Cragwall Jr.
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487

Molly E. McManus
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487